# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

**CURTIS BOURGEOIS, ET AL.**

**V.**

**WEBER MARINE, LLC, ET AL.**

**CIVIL ACTION**

**NUMBER 3:14-cv-307-JWD-SCR**

## RULING AND ORDER ON
## MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on the Motion for Summary Judgment Filed by All Defendants (R.Doc. 13) submitted by Weber Marine, LLC ("Weber") and its insurer State National Insurance Company, Inc. ("State National") (collectively, "Defendants"). The motion is opposed. (R.Doc. 18).

In sum, relying on Louisiana law, Defendants argue that Plaintiffs' claims have prescribed because Plaintiffs filed suit in an improper venue and because the Petition was not served on Defendants until roughly one week after the statute of limitations ran, all allegedly in violation of La. Civ. Code. art 3462. Per the Court's November 26, 2014, Notice to Counsel (R.Doc. 29), the parties submitted additional briefing as to the extent to which this case is controlled by *Maxwell v. Swain*, 833 F.2d 1177 (5th Cir. 1987), which applied general maritime law to a similar prescription issue. The parties submitted said briefs. (See R.Docs. 32-35). Oral argument was heard on January 15, 2015.

The central issue in this case is whether the Plaintiffs' claims are prescribed if they filed suit within the three year statute of limitations of 46 U.S.C. § 30106 (formerly 46 U.S.C. § 763a) in a parish of improper venue but accomplished service of process nearly one week after the end of the prescriptive period. The answer depends on whether this issue is controlled by general maritime law

or Louisiana law. Phrased another way, does maritime law, not Louisiana law, govern not only the length of the limitations period but also the circumstances under which that period is, or is not, tolled or suspended, and, therefore, was this suit timely commenced? The Court holds that maritime law controls the issue, that *Maxwell* controls, and therefore the Plaintiff's claims have not prescribed. Accordingly, the Defendants' motion for summary judgment is DENIED.

**I. Factual and Procedural Background**

On April 23, 2014, Plaintiffs Curtis Bourgeois and Ida Bourgeois filed suit in Ascension Parish. (R.Doc. 1-2, p. 1). Plaintiffs allege that, on or about April 11, 2011, Plaintiff Curtis Bourgeois was employed as a seaman for Defendant Weber Marine as a crew member of a barge. (R.Doc. 1-2, p.2). Plaintiffs claim that, while acting in the course and scope of employment, Curtis Bourgeois received serious injuries when he fell climbing a rope ladder. (R.Doc. 1-2, p. 3). Plaintiffs claim that the ladder was defective, that it was not properly secured, and that it shifted when a load being moved by a crane hit the side of the barge where he was working, causing his fall. (Id.).

Plaintiffs asserted several theories of recovery. First, Plaintiffs claimed that Defendants are liable under General Maritime Law and the Jones Act, 46 U.S.C. § 30104 (formerly 46 U.S.C. § 688). (Id.). Alternatively, Plaintiffs claim that, if Curtis Bourgeois was not a seaman, then he is entitled to recover under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.* Plaintiff Ida Bourgeois claims mental anguish damages and loss of love and society. (R.Doc. 1-2, p. 5).

On May 16, 2014, Defendants filed a notice of removal to this District (R.Doc. 1) and then filed an Amended Notice of Removal a few days later (R.Doc. 2). Plaintiff moved to remand on the

grounds that the Defendant failed to allege the basis of jurisdiction and failed to remove within the deadline established by 28 U.S.C. § 1446(b). (See. R.Doc. 3). Defendants opposed (R.Doc. 6), arguing that they removed thirty days from service and that, per *Harrold v. Liberty Insurance Underwriters, Inc.*, No. 13-762, 13-831, 2014 WL 688984 (M.D.La. Feb. 20, 2014), the Defendants could remove under 28 U.S.C. § 1333 and 28 U.S.C. § 1441(a) without another independent basis for jurisdiction.

The Magistrate issued a brief report and recommendation (R.Doc. 8) denying the motion to remand. This Court adopted the report and recommendation on July 18, 2014. (R.Doc. 12).[1]

On August 8, 2014, Defendants filed their Motion for Summary Judgment. (R.Doc. 13). Defendants argue that, Ascension Parish, where the Plaintiffs filed suit, is the wrong venue. (R.Doc. 13-1, p. 3). Citing La. Code Civ. Pro. arts. 42 and 74, Defendants argue that venue was proper in St. James Parish because that is Weber's domicile, because the accident occurred there, and because Curtis Bourgeois sustained damages there. (R.Doc. 13-1, p. 3-6).

Defendants then argue that, because the Plaintiffs filed the litigation in the improper venue and failed to serve Weber within the three year statute of limitations period for maritime torts, the claim is prescribed. Defendants rely on several cases, such as *Moore v. Kmart Corp.*, 884 F.Supp.

---

[1]Since the ruling on the Motion to Remand, the *Harrold* court reconsidered its earlier ruling and decided to remand the case. *See Harrold v. Liberty Ins. Underwriters*, No. 13-762, 13-831, 2014 WL 5801673 (M.D.La. Nov. 7, 2014). Among the reasons cited, the Court explained that the Jones Act claim was not removable, so the entire suit should have been remanded. *Id.* at *2. Further, while it is unresolved in the Fifth Circuit as to whether the 2011 Amendments to 28 U.S.C. § 1441 changed the law with respect to the removal of general maritime law claims, the vast majority of district court cases appear to hold that the "savings to suitors" clause in the admiralty jurisdiction statute is the historical basis for non-removabability of general maritime claims, and therefore the changes to § 1441 do not make general maritime claims removable. *Id.* at *3.

217 (E.D. La. 1995) and *Mullen v. Sears, Roebuck, & Co.*, 887 F.2d 615 (5th Cir. 1989), for the proposition that federal courts look to state law to determine when a prescriptive period is interrupted. (R.Doc. 13-1, p. 7-8). Thus, according to Defendants, La. Civ. Code art. 3462 governs, which provides that, if an action is commenced in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period. Thus, Defendants argue that summary judgment is appropriate.

Plaintiffs oppose the motion. (R.Doc. 18). They argue that certain evidence, particularly some provided to them by the Defendants, shows that the accident took place in Burnside, Louisiana, which is located in Ascension Parish. (R.Doc. 18, p. 2). They complain that Defendants misled them in correspondence to Plaintiffs and that Plaintiffs were reasonable to rely on Defendants' own documents. Plaintiffs also assert a number of procedural arguments, objecting to the fact that, had Defendants excepted to venue in state court, then Plaintiffs would have had the opportunity to transfer the suit to the appropriate venue. (R.Doc. 18, p. 6). Further, Defendants removed the suit to the Middle District rather than the Eastern District. (Id.).

In their Reply (R.Doc. 19), Defendants argue that there is no issue of fact that the accident occurred in St. James Parish. (Id., p. 2-4). They further claim that Plaintiffs should have inquired into the facts. (Id., p. 4). Further, Defendants argue that they always objected to venue and that the subsequent removal of a case from an improper state court venue to a proper federal one will not resurrect a suit that has prescribed under Article 3462. Further, Defendants argue that a transfer would be meaningless.

On November 26, 2014, the Court reset the previously scheduled oral argument and requested additional briefing on whether *Maxwell v. Swain*, 833. F.2d 1177 (5th Cir. 1987) controlled

the question before the Court. Plaintiff submitted a brief arguing that this suit is factually analogous to *Maxwell* and highlighted the extensive communication between counsel for Plaintiffs and Defendants in this matter before filing suit. (See R.Doc. 32).

Defendants contend that *Maxwell* is inapplicable. (R.Doc. 33). First they claim that the Fifth Circuit requires the application of state procedural laws in matters removed from state courts. Defendants rely on *Mullen* and *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 299 (5th Cir. 1999). (Id., p. 3-4).

Further, Defendants argue that general maritime law claims filed in state court utilize state procedural laws. In support of this proposition, Defendants cite *Dozier v. Ingram Barge Co.*, 96-1370 (La.App. 4 Cir. 1/28/98), 706 So.2d 1064, 1066; *Mejia v. Lineas Maritimas De Santo Domingo*, 570 So.2d 548 (La.App. 4th Cir. 1990); and *McKean v. Skipper Hydraulic, Inc.*, 592 So.2d 433 (La.App. 5th Cir. 1991). (Id., p. 4-6). Finally, Defendants claim that *Maxwell* does not apply to matters removed from state court because the suit in *Maxwell* was initially filed in federal court.

All parties filed replies. (See R.Docs. 34 and 35). Plaintiffs attempt to distinguish Defendants' cases as either involving diversity or being removed before venue and prescription were raised in the state court. Defendants largely reiterate their positions.

**II. Analysis**

This is a case of admiralty and maritime jurisdiction within the meaning of Art. III, Section 2 of the United States Constitution and 28 U.S.C. §1333. (Petition for Damages, R.Doc. 1-2, ¶ 1).[2]

---

[2] The facts alleged in the Petition, a personal injury sustained by a worker aboard a commercial vessel in navigable waters, support the allegation of maritime jurisdiction. *See Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534, 115 S.Ct. 1043,

As such, under § 1333's "saving to suitors" clause, the case may be brought in state or federal court. *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 204, 92 S.Ct. 418, 420-421 (1971). What is "saved" to the suitor in § 1333 is not only the right to bring a maritime case in a non-maritime court (state court or federal court at law, assuming an alternative basis for federal jurisdiction), but the right of the litigants to take advantage of the procedural differences between a federal court "in admiralty" and that of the non-maritime court. *See* 1 Robert Force and Martin J. Norris, *The Law of Maritime Personal Injuries,* § 1:6 (5th ed. 2013); 1 Thomas J. Schoenbaum, *Admiralty and Maritime Law* §§ 4-4, 21-1 (5th ed. 2014). However, regardless of the court in which the case is brought, maritime substantive law is applicable. *East River S.S. Corp. v. Transamerica Delaval*, 476 U.S. 858, 864, 106 S.Ct. 2295, 2298-2299 (1986); *Victory Carriers*, 404 U.S. at 204, 92 S.Ct. at 420-421; *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628, 79 S.Ct. 406, 408-409 (1959).

Defendant concedes that the three year statute of limitations for maritime torts, 46 U.S.C. § 30106 applies to this case. (R.Doc. 13-1, p. 6-7). This statute provides that "[e]xcept as otherwise provided by law, a civil action for damages for personal injury ... arising out of a maritime tort *must be brought* within 3 years after the cause of action arose." (Emphasis added). Defendant argues, however, that because plaintiff originally filed this case in Louisiana state court, Louisiana law provides the rule as to what tolls the statute of limitations. Because, under Louisiana law, a suit filed in an improper venue within the limitation period but served beyond it, does not toll the limitation

---

1048 (1995).

period,³ Defendant argues plaintiff's suit is not timely and must be dismissed.

Plaintiff counters that the suit was filed in a court of proper venue and so, under Louisiana law, was timely filed. (R.Doc. 18, p. 2). He alleges in the alternative, even if not timely filed, he was misled by defendant as to the location of the accident and therefore defendant should be estopped on equitable grounds from urging or succeeding on this defense. (Id., p. 3, 6).

The Court finds that it is unnecessary to determine whether the suit was filed in a court of proper venue or whether the plaintiff was misled.⁴ Maritime law, not Louisiana law, governs the central issue here and, under maritime law, the suit was filed timely regardless of the venue.

In *Burnett v. New York Central Railroad Co.*, 380 U.S. 424, 85 S.Ct. 1050 (1985), the Court considered a case similar to this one. There, plaintiff filed a suit in Ohio state court to recover for personal injuries under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51, *et. seq.*⁵ The

---

³See La. Civ. Code art. 3462 ("Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. *If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.*"); *Blanchard v. Wal Mart Stores, Inc.*, No. Civ. A. 99-455, 1999 WL 191490 (E.D. La. Apr. 5, 1999); *Moore v. Kmart Corp.* 884 F.Supp. 217, 220 (E.D. La. 1995).

⁴ Although not necessary to the decision in this case, the Court notes that there can be equitable tolling of a maritime statute of limitations where a plaintiff relies on defendant's conduct in not filing his suit timely, under the following circumstances: 1) where the defendant knew the operative facts and the plaintiff did not; 2) where the defendant intended that plaintiff rely on defendant's conduct; and 3) where plaintiff had a right to believe defendant so intended. *Prejean v. Industrial Cleanup, Inc*., 98-0948 (La. 12/1/98), 721 So.2d 1273, 1276-77 (citing 1 Thomas J. Schoenbaum, *Admiralty and Maritime Law* § 6-16 (2d ed. 1994)).

⁵ The Jones Act, 46 U.S.C. § 30104, incorporates by reference FELA: "Laws of the United States regulating recovery for personal injury to, or death of, a railway employee apply to an action under this section").

state court suit was filed within the FELA's three year statute of limitations[6] but was dismissed under Ohio law for having been filed in an improper venue. Plaintiff then filed suit in Ohio federal court but, by that time, the three year FELA statute of limitations had run. The District Court dismissed the case as not timely, and the Court of Appeals affirmed. *Id.*, 380 U.S. at 425, 85 S.Ct. at 1053.

The Supreme Court reversed, rejecting the defendant's argument that state law controlled, holding that plaintiff's state court action, despite having been filed in an improper venue under state law, nonetheless tolled the FELA statue of limitations; therefore the subsequent federal court suit was timely filed. "There is no doubt that, as a matter of federal law, the state action here involved, was properly 'commenced' within the meaning of the federal statute..." *Id.*, 380 U.S. at 426, 85 S.Ct. at 1053. "The incorporation of variant state saving statutes would defeat the aim of a federal limitation provision designed to produce national uniformity." *Id.*, 380 U.S. at 433, 85 S.Ct. at 1057. "We believe that the interests of uniformity embodied in the Act are best served by holding that this rule, tolling the statute, applies in all States regardless of whether a state has a 'saving' statute." *Id.*, 380 U.S. at 435, 85 S.Ct. at 1058.

The Louisiana Supreme Court has also held that federal maritime, rather than state law, governs whether the limitation period in a maritime tort action has been tolled and whether the suit has been timely filed, even when the suit was commenced and remained in state court. In *Prejean v. Industrial Cleanup, Inc*., 98-0948 (La. 12/1/98), 721 So.2d 1273, plaintiff filed a maritime personal injury suit in state court four years after the accident occurred. Plaintiff argued that

---

[6] The language of FELA's 45 U.S.C. § 56 is essentially identical to that of 46 U.S.C. § 30106 "[n]o action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued."

defendant's voluntary payment of Louisiana worker's compensation benefits interrupted prescription pursuant to La. Civ. Code art. 3464. The Court described this argument as having a "misplaced reliance on principles of Louisiana law..." *Id*. at 1277.

> Following the principles set forth in *Burnett [New York Cent. R. Co.*, *supra*], it is widely accepted that state statutes which suspend, reduce, or extend the time for bringing suit have no application in considering whether a Jones Act suit is prescribed. (Citations omitted.) Likewise, where a general maritime tort is alleged, the effect of lapse of time on the viability of the action is determined by maritime law because the right to bar an action for lapse of time is a substantive right. (Citation omitted.)

*Prejean*, 721 So.2d at 1276.[7]

Other federal courts have likewise held that maritime law, and not Louisiana law, governs not only the length of the limitation period but also the circumstances under which that period is, or is not, tolled or suspended. For instance, it has been held that the Louisiana rule that makes the timely filing of suit against one solidary obligor interrupt prescription against all other solidary obligors cannot be used to extend the federal maritime limitations period. *Logwood v. Apollo Marine Specialists, Inc.* 772 F. Supp. 925, 927 (E.D. La. 1991). Similarly, *Davis v. Newpark Shipbuilding and Repair, Inc.*, 659 F. Supp. 155, 156-157 (E.D. Tex. 1987), held that the three year statute of limitations for general maritime torts is not interrupted by Louisiana's rule that a judgment against one solidary obligor tolls prescription against all other solidary obligors.

The Fifth Circuit has also held that maritime law, and not that of Louisiana, governs whether a suit is timely commenced. In *Maxwell v. Swain*, 833 F.2d 1177 (5th Cir. 1987), plaintiff sued under the Jones Act in both federal court in Texas and state court in Louisiana. The former was dismissed

---

[7] See also *McCrane v. Hondo Boats, Inc.*, 399 So.2d 163, 1982 A.M.C. 2314 (La. 1981) holding that in a general maritime tort action brought in state court, the maritime, rather than the Louisiana, limitation period governed.

for lack of prosecution, and the Louisiana state court suit was dismissed for improper venue. When plaintiff then filed in federal court in Louisiana, the District Court, applying Louisiana's rule, found that the state court suit, because it was filed in an improper venue, did not toll the maritime limitation statute and was therefore untimely.

The Fifth Circuit reversed and, applying maritime principles, stated, "whether service was effected 'within a reasonable time' must be determined on a case-by-case basis." The court found that plaintiff had "made every effort to locate and serve" the defendant with process and the defendant had notice of the suit well within the statutory period although he was not served within that period." 833 F.2d at 1179. Here, defendant Weber Marine admits that it was served "nearly one week after the Petition for Damages was filed." (R.Doc. 13-1, p. 2). Evidence submitted in opposition to the Motion for Summary Judgment, indicates that the Defendants were aware of the claim well within the three year period. (See R.Doc. 32-1, p. 1-24). This Court finds therefore that the suit was timely commenced and that the Motion for Summary Judgment should be denied.

Defendant argues that *Burnett* and *Maxwell* are distinguishable for two reasons: first, because, in both cases, the suit was brought under the Jones Act and not the general maritime law and second, the suits in *Burnett* and *Maxwell* were dismissed in state court and re-filed in federal court whereas here, the case was removed to federal court.

As to the first argument, the Court notes that Plaintiff did sue under the Jones Act and there has been no finding regarding Plaintiff's status as a seaman. But even if Plaintiff is not entitled to sue under the Jones Act, the Court finds that this is a distinction without a meaningful difference. The FELA (and Jones Act) statute of limitations, 45 U.S.C. § 56, and 46 U.S.C. § 30106, are essentially identical, stating that the action must be "commenced" or "brought" within the three year

period. The Supreme Court in *Burnett* specifically found that the state court suit had been properly "commenced" although it was filed in an improper venue. 380 U.S. at 426, 85 S.Ct. at 1053. Furthermore, because the principle of uniformity that drove the *Burnett* decision applies with equal force to a general maritime action, other courts have correctly held that *Burnett* applies in general maritime cases. *See, e.g., Prejean*, 721 So.2d at 1276 (citing 1 Martin J. Norris, *The Law of Maritime Personal Injuries* § 5:10 (4th ed. 1990)); *Davis*, 659 F.Supp at 156-157; *People of the Living God v. Star Towing Co.*, 289 F. Supp. 635, 639 (E.D. La. 1968) (holding that *Burnett* and its justification of uniformity "is equally applicable to admiralty actions.").

Defendant's second argument for distinction is also without merit. Defendants cite three cases in support of its argument that this Court is required to follow the Louisiana rule. *See Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 946 (5th Cir. 2014); *Mullen*, 887 F.2d at 617-18; *Luckett*, 171 F.3d at 299. *Taylor*, 744 F.3d at 945, was a case brought under federal law, specifically Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. and 42 U.S.C. § 1981. *Mullen*, 887 F.2d at 616, and *Luckett,* 171 F.3d at 298, were diversity cases, not maritime cases where all courts, state or federal, are required to follow maritime substantive law. 1 Thomas J. Schoenbaum, *Admiralty and Maritime Law,* § 4-1 (5th ed. 2014) (citing *Chelentis v. Luckenbach S.S. Co.*, 247 U.S. 372, 38 S.Ct. 501, 62 L.Ed. 1171 (1918)). As has been made clear, rules affecting the maritime statute of limitations are considered substantive. *Prejean*, 721 So.2d at 1276 (citing 1 Martin J. Norris, *The Law of Maritime Personal Injuries*, § 5:10 (4th ed. 1990)); *See also Mendez v. Ishikawajima-Harima Heavy Industries Co., Ltd*, 52 F.3d 799, 801, 1995 A.M.C. 1233 (9th Cir. 1995) ("the right to bar an action for lapse of time is a substantive right.").

In support of its position that this Court is bound to follow Louisiana law, Defendants cite

*Dozier v. Ingram Barge Company*, 96-1370 (La.App. 4 Cir. 1/28/98), 706 So.2d 1064 and *McKean v. Skipper Hydraulic, Inc.*, 592 So.2d 433 (La.App. 5 Cir. 1991). The Court has carefully considered these cases and concludes that they fly in the face of the Supreme Court, Fifth Circuit and other federal precedent discussed above as well as fundamental principles of maritime law. In short, the Court feels these cases were wrongly decided.

In *Dozier*, the Louisiana Fourth Circuit affirmed the trial court and held that a Jones Act suit was prescribed because the original suit was filed in a court of improper venue and was not served within the prescriptive period. Relying on two cases - *Mejia v. Lineas Marittmas De Santo Domingo*, 570 So.2d 548 (La.App. 4 Cir. 1990) and *McKean* - the *Dozier* court held that Louisiana procedural law applied in a state court case filed under the "savings to suitor" clause. *Id.* at 1066. Then, citing no case law, the *Dozier* court concluded that "Clearly, procedural statutes, including those governing interruption and suspension of prescription, are procedural rather than substantive, in nature." *Id.*

As the well-reasoned dissent in *Dozier* explains, the problem with *Dozier* (and *McKean*) is the complete lack of authority for its underlying assumptions. As stated above, *Dozier* relies on *Mejia* and *McKean*. While *Dozier* is correct that *Mejia* applied Louisiana procedural law in a maritime case to find a claim prescribed, the dissent in *Dozier* is also correct that there is no discussion in *Mejia* about whether laws related to statute of limitations are a part of substantive maritime law. In short, *Mejia* never addresses the central issue in *Dozier*.

*McKean* is equally weak authority. *McKean* applied La. Civ. Code art. 3462 to bar a seaman's personal injury claim when the defendant was not served within the three year statute of limitations for maritime torts. In doing so, *McKean* held that "Louisiana procedural law applie[d]

in [a] state court maritime tort action interpreting federal substantive law." *Id*. at 434. For this proposition, *McKean* relied upon *St. Louis Southwestern Ry. Co. v. Dickerson*, 470 U.S. 409, 105 S.Ct. 1347, 84 L.Ed.2d 303 (1985) and *Morris v. Transworld Drilling Co.*, 365 So.2d 46 (La.App. 3rd Cir.1978).

But *St. Louis* held that "FELA cases adjudicated in state courts are subject to state procedural rules, but the substantive law governing them is federal." 470 U.S. at 411, 105 S.Ct. at 1348. *St. Louis* reached this decision in the context of whether jury instructions were procedural or substantive in nature. *St. Louis* never addressed whether statute of limitation rules were procedural or substantive in nature.

Similarly, in *Morris*, the "sole issue ... [was] the propriety of prejudgment interest on an award in a Jones Act claim brought in a state court." 365 So.2d at 46. Again, the issue was not whether statute of limitation rules are procedural or substantive in nature.

Thus, while *Dozier* and *McKean* ultimately stand for the proposition that state procedural rules apply for statute of limitation issues, neither case cites any real authority for that proposition, aside from each other. Accordingly, because these cases are not binding, are unpersuasive, and are distinguishable, the Court will disregard them in favor of *Burnett*, *Prejean*, and the other cases discussed above.

Finally, as mentioned above, yet another reason compels the application of maritime law, and that is the need for uniformity in general maritime law. As *Prejean* explained:

> Where Congress has manifested an intent to establish a uniform period of limitations for maritime claims, it would defeat the uniformity intended to allow the diverse laws of each state to determine when the limitation period on a federal cause of action commences to run and when the period is tolled, interrupted, or suspended.

721 So.2d at 1276. Similarly, *People of the Living God v. Star Towing Co.*, 289 F.Supp. 635

(E.D.La. 1968), rejected a party's contention that a Louisiana statute tolled the federal statute of limitation period found in 46 U.S.C. § 730 (now 46 U.S.C. § 80107(c)) related to salvage assistance claims and explained:

> In [*Burnett*], an action brought under the [FELA], the Supreme Court indicated that the mechanical application of state 'saving statutes' to the federal statute of limitations would frustrate the congressional policy of uniformity underlying the federal statute. Thus, rather than apply diverse state statutes subjecting a litigant's rights arising under federal law to the vagaries of state law, the Supreme Court opted in favor of national uniformity in fashioning a federal rule as to the tolling of the federal statute of limitations. *This reasoning is equally applicable to admiralty actions.*

*Id.* at 639 (italics added) (citations omitted).

Courts from other jurisdictions have relied on this uniformity principle to reject the application of a state law related to the statute of limitations. In *Butler v. American Trawler Co., Inc.,* 887 F.2d 20 (1st Cir. 1989), the appellate court affirmed the dismissal of a claim barred by the statute of limitations. Plaintiff argued that Maine's six-year statute of limitations should apply rather than the maritime three-year bar because statute of limitations are "procedural" rather than "substantive." In affirming the application of maritime law, the First Circuit explained:

> We need not discuss the legal lore surrounding the words "procedural" and "substantive," however, for the Supreme Court has made clear that a maritime tort is "a type of action which the Constitution has placed under national power to control in 'its substantive *as well as its procedural* features.'" *Pope & Talbot, Inc. v. Hawn*, 346 U.S. 406, 409, 74 S.Ct. 202, 205, 98 L.Ed. 143 (1953) (quoting *Panama R.R. Co. v. Johnson*, 264 U.S. 375, 386, 44 S.Ct. 391, 393, 68 L.Ed. 748 (1924)) (emphasis added). Thus, the relevant question is not whether the federal limitations statute, 46 U.S.C.App. § 763a, is "substantive" or "procedural," but whether Congress intended that statute to preclude the operation of different state limitations statutes in respect to maritime torts. We believe that it did.[8]

---

[8] See also *Burnett*, 380 U.S. at 427 n. 2, 85 S.Ct. 1054 ("Thus the 'substantive'-'procedural' distinction would seem to be of little help in deciding questions of extending the limitations period. (Citations omitted).")

*Id.* at 21. The First Circuit went on to explain how "the language and the legislative history" of the three-year maritime statute of limitations "suggests that Congress enacted it to deal with the problem of non-uniformity, a problem that arose because courts, applying the federal doctrine of laches, would 'use [differing] local limitation statutes as a rule-of-thumb.'" *Butler*, 887 F.2d at 22 (Citations omitted).

Numerous courts have applied *Butler* to reject the application of a state statute of limitations because of the need for uniformity in federal maritime law. *E.g., Mink v. Genmar Industries, Inc.*, 29 F.3d 1543 (11th Cir. 1994); *Konrad v. South Carolina Elec. and Gas Co.*, 308 S.C. 167, 170-171, 417 S.E.2d 557, 559 (S.C. 1992); See John D. Sear, *The Uniform Statute of Limitations for Maritime Torts: It Tolls For No One*, at n. 18 (March 26, 2008), http://corporate.findlaw.com/law-library/the-uniform-statute-of-limitations-for-maritime-torts-it-tolls.html#28 . Thus, under both Louisiana law and the laws of other states, uniformity compels the application of general maritime law here.

### III.  Conclusion

Accordingly, whether directly because of the holdings in *Burnett*, *Prejean*, *Logwood*, *Davis*, and *Maxwell*, whether because issues related to statute of limitations are matters of substantive maritime law, or whether because of the need for uniformity in federal maritime law, the Court finds that general maritime law, not Louisiana law, governs not only the length of the limitations period but also the circumstances under which that period is, or is not, tolled or suspended. Thus, under general maritime law, the Plaintiffs' claims have not prescribed, and the Defendants' motion for summary judgment is DENIED.

Signed in Baton Rouge, Louisiana, on <u>January 16, 2015</u>.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**