UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CURTIS BOURGEOIS, ET AL.                    CIVIL ACTION NO.

VERSUS                                       14-307-JWD-SCR

WEBER MARINE, LLC, ET AL

## RULING

Before the Court are two related motions filed by defendant Weber Marine LLC ("Weber Marine"): a Motion for Summary Judgment (Doc. 55) and a Motion for Partial Summary Judgment (Doc. 61). In both cases, "oppositions" have been filed (Docs. 57 and 63), although, on careful review, it is clear that neither motion is seriously opposed. For the reasons that follow, both motions are granted.

### BACKGROUND

Plaintiffs Curtis Bourgeois ("Mr. Bourgeois") and his wife, Ida Bourgeois, filed suit in the 23rd Judicial District Court for the Parish of Ascension alleging injuries suffered by Mr. Bourgeois on April 11, 2011 while working for defendant Weber Marine. (Doc. 1-2.) The case was removed to this court.

Plaintiffs allege that Mr. Bourgeois was injured when he fell from a defective rope ladder while working on Barge # AT629, allegedly a vessel in navigable waters. (*Id.*) They allege that he was a seaman and a member of the crew of said vessel. (*Id.*) Plaintiffs sue for Mr. Bourgeois' personal injuries under the Jones Act, 46 U.S.C. § 30104 (formerly 46 U.S.C. § 688) ("Jones Act") under the general maritime law and for maintenance and cure. (*Id.*) Alternatively, "plaintiff [Mr. Bourgeois] hereby asserts all rights and privileges allotted to him under the terms of

1

"Longshore and Harbor Worker's Compensation Act", 33 USC Section 901, et seq. ["LHWCA"]. (*Id.*, at p. 6).

## CONTENTIONS OF THE PARTIES

In its Motion for Summary Judgment (Doc. 55), Weber Marine argues that Plaintiffs "will not be able to support their claims of Jones Act negligence, unseaworthiness, or 905(b) vessel negligence with competent evidence at trial." (*Id.*, p. 1) Attached to the motion is a Statement of Uncontested Material Facts (Doc.55-2.). In it, Weber Marine states that, at the time of the accident, the rope ladder from which he fell was in good condition, in proper working order, and that the accident was unwitnessed. The barge onto which he fell (AT629) was not owned or chartered to Weber Marine. (*Id.*, p. 2.) There is no suggestion that the unfortunate accident was caused by negligence or unseaworthiness.

In its memorandum in support of the motion, (Doc. 55-1) Weber Marine argues that this unwitnessed accident left no physical or other evidence suggesting that it did anything negligently or that any vessel owned and/or operated by it was unseaworthy. It argues that Plaintiff will be unable to prove negligence or on seaworthiness. Plaintiffs do not attempt to counter Weber Marine's uncontested facts and, indeed, Plaintiffs' Memorandum in Opposition to Motion for Summary Judgment makes no argument for Weber Marine's negligence or the unseaworthiness of any vessel. In addition, Plaintiffs do not argue for Mr. Bourgeois status as a seaman and, in essence, concedes his status as a maritime worker under LHWCA.

Weber Marine argues for Mr. Bourgeois' status as an LHWCA maritime worker in its Motion for Partial Summary Judgment, memorandum in support and supporting documents. (Docs. 61 and 61-1 through 61-4.) In their opposition, Plaintiffs state "Although plaintiffs do not consent to the Motion, they have no documentation to refute the list of uncontested facts nor do

2

they have documentation to refute the documents attached to defendant's memorandum." (Doc. 63.)

### ANALYSIS

A seaman has three primary remedies available to him: a claim for negligence against his employer under the Jones Act, a claim against a vessel owner where he serves as a member of the crew for unseaworthiness, and a claim against his employer for maintenance and cure. A non-seaman worker covered under LHWCA has a worker's compensation remedy against his employer but, can also pursue a non-employer third party vessel owner under Section 905(b) of LHWCA or any other third party under Section 933 of the same Act. Both require the worker to establish the defendant's negligence in order to recover. See, *e.g. Scindia Steam Navigation Co., Ltd., v. De Los Santos*, 451 U.S. 156 (1981).

Furthermore, while worker's compensation is ordinarily a maritime worker's exclusive remedy against his employer, 33 U.S.C., Section 905(a), under the "dual capacity doctrine," certain workers covered under this Act, may sue their employer for negligence if the employer owns the vessel on which the worker is injured and if that negligence is vessel owner (as opposed to employer) negligence. *Reed v. The Yaka*, 373 U.S. 410 (1963).

In this case, the two motions and attached supporting documents convince this Court that Mr. Bourgeois was not a seaman. Plaintiff's opposition to Defendants' motion concedes as much. Thus, he would not be entitled to pursue a seaman's remedies. Furthermore, with respect to the tort remedies given to one covered under LHWCA, the worker must be able to show that the defendant was negligent. The uncontroverted facts supporting Defendant's motion (Doc. 55-2), along with the other supporting documents show that there was no negligence on the part of

the Defendant in causing Mr. Bourgeois' injuries. Even if Plaintiff was a seaman, there are no facts raising the question of negligence of the Defendant or the unseaworthiness of any vessel.

## CONCLUSION

The Court has reviewed the two motions and concludes that they are well founded. Accordingly, Weber Marine's Motion for Summary Judgment (Doc 55) and Motion for Partial Summary Judgment (Doc. 61) are hereby GRANTED. Plaintiffs' claims under the Jones Act, general maritime law and in tort under the LHWCA are hereby dismissed with prejudice, reserving Curtis Bourgeois' rights to pursue his claims for worker's compensation benefits under the LHWCA in a different forum.

Signed in Baton Rouge, Louisiana, on December 8, 2015.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**